### GILPIN v. GILPIN.

Supreme Court. New Castle. October, 1793.

*Bayard's Notebook, 50.**

---

* This case is also reported in *Wilson's Red Book, 14; Read's Notebook, 16.*

*Bedford* and *Bayard,* counsel for the defendant in error, had obtained a rule to show cause why the writ should not be quashed, and they now argued that a writ of error would not lie upon a judgment in an amicable action. There are many cases in which the court will interfere in a summary way on motion, though there be another remedy, 2 Wils. 394. Where it is evident that the writ of error cannot be attended with effect, it may be quashed, as in 1 Ld.Raym. 71, 320. The writ of error only operates upon the record, and if the error there exists, no advantage could be taken of it because the entry of the action is matter of consent, *et consensus tollit errorem.*

Secondly, the writ of error is taken away by the Statute of the 9 & 10 Will. III [c. 15 (1698)]. There are four species of awards: first, *in pais;* second, at common law in suits depending; third, under the 9 & 10 Will. III; fourth, under the Act of Assembly [1 Del.Laws 163]. [1] Dall. 314. This award is not the first; it is a reference of record. Nor the second, for there was no suit depending. Nor the fourth, for the reason last given, and the Act of Assembly speaks of plaintiff and defendant and therefore supposes a suit depending. It is of consequence the third and is clearly described by the words and embraced by the intent of the Statute.

Third, if it is not under the Statute it is at common law, and the Statute being only declaratory of the common law a writ of error will not lie. 2 Burr. 701.

*Read* and *Levy,* counsel for the plaintiff, contended that a writ of error was a writ of right and that there was nothing in an amicable action more than in an adversary one which made the judgment given exempt from it. An amicable action may be defined, an action without writ; when once instituted it conforms in its proceedings to other actions. It may be tried by jury and is exposed to the errors to be committed in issuing of process and rendering judgment. If tried by auditors there is nothing in their award more sacred than in a verdict of a jury, and it should therefore be equally liable to the scrutiny upon a writ of error. It is the consequence of all jurisdictions to have their proceedings returned into King's Bench. 1 Ld.Raym. 469, 500. 1 Bac.Abr. 351. 2 Bac.Abr. 213. The same thing may be affirmed of this Court. In ejectment upon a judgment by confession a writ of error lies,

2 Bac.Abr. 193. So upon a common recovery and fine, 1 Str. 234. The Statute of Will. III does not extend to awards at *nisi prius* but only to references on bonds, 1 Str. 301. This is in nature of an award at *nisi prius*. It is an award under the Act of Assembly or at common law and if the latter, the writ of error lies, for what is said by Lord Mansfield in 2 Burr. relates only to the manner of enforcing the award by attachment at common law and not to the writ of error.

*Curia advisare vult.*

---

Afterwards on a subsequent day in the term, the opinion of the Court was delivered by READ, C. J. This is a motion to quash the writ of error upon the ground of the Statute of the 9 & 10 of Will. III. It is the opinion of the Court that the proceedings are not to be considered as under that Statute. The form of the rule of reference, exclusive of the forms prescribed by the Statute, which have not been observed, is proof of this. The Statute is generally declarative of the common law but contains some new provisions. Awards at common law are in suits referred, which had previously depended in court. The provisions of the Statute do not extend to cases not referred according to the forms it directs. Awards made *in pais* were subject to the delays of a suit, and the Statute was designed to correct the evil. It provides that the execution of the award shall not be stayed by the authority of any other court. Upon an award under the Statute no judgment is given by the Court, or otherwise an execution might be had. By the rule of reference it is agreed that judgment shall be given by the Court; the writ of error is, of consequence, for it is a remedial writ, a writ of right and lies in all cases where a judgment is given by an inferior court. The authorities are strong to this point, and cannot be contradicted. The act of the parties requiring judgment to be given by the court below is a ground for the writ of error. An award at *nisi prius* is not within the Statute, but at common law, 1 Str. 301. Awards at common law are not to be regulated by the provisions of the Statute.

There is much abuse of the practice of references in amicable actions; they were formerly made only in term time. If a case be referred not within the provision of the Act of Assembly, it is not entitled to the remedy of it, such as ejectment, trespass, etc. These are at common law. Amicable actions by long course of practice are to be considered as within the Act, [1 Del.Laws 163]. They are attended with judgment and execution and of consequence are subject to a writ of error. The case of *Porter v. Penton,* cited on the part of the plaintiff as a precedent of a writ of

error on a judgment in an amicable action, is no authority; it is an individual case and passed *sub silentio*. It however shows the necessity of the writ, for the court there erred in their judgment because, though the auditors were not qualified till they had signed the award, yet the court confirmed the award.

Rule to show cause why the writ of error should not be quashed, discharged.[1]

---

[1] Footnote by Bayard, "The note of this case appears out of its order owing to the minutes of it having been mislaid."

